**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Benjamin J. Powell, Sr., | ) | No.  CV-21-08148-PCT-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Office of Navajo and Hopi Indian | ) | |
| Relocation, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court are Plaintiff's Motion for Summary Judgment (Doc. 16) and Defendant's Cross-Motion for Summary Judgment (Doc. 18). Both Motions have been fully briefed. For the reasons that follow, Plaintiff's Motion will be granted, Defendant's Cross-Motion will be denied, and the matter will be remanded for further proceedings.

I.    **BACKGROUND**

   **A. The Settlement Act**

The Navajo–Hopi Settlement Act (the "Settlement Act") authorized a court-ordered partition of land previously referred to as the Joint Use Area—which was occupied by both Navajo and Hopi residents—into the Navajo Partitioned Lands ("NPL") and the Hopi Partitioned Lands ("HPL"). *See* Pub. L. No. 93-531, § 12, 88 Stat. 1716 (1974); *Clinton v. Babbitt*, 180 F.3d 1081, 1084 (9th Cir. 1999). The Settlement Act also created what is now the Office of Navajo and Hopi Indian Relocation ("ONHIR") to disburse benefits to assist with the relocation of Navajo and Hopi residents who then occupied land allocated to the other tribe. *Bedoni v. Navajo-Hopi Indian Relocation*

1   *Comm'n*, 878 F.2d 1119, 1121–22 (9th Cir. 1989).

2   **B.  Factual and Procedural Background**

3   Plaintiff Benjamin Powell, Sr. is an enrolled member of the Navajo Nation. (Doc.

4   17 at 1). Plaintiff filed an Application for Relocation Benefits, which was denied by

5   ONHIR. (Doc. 17 at 2–3). The ONHIR's denial letter stated that the agency found that

6   Plaintiff was an HPL resident until May 1982 but that he had not proven he was a head of

7   household as of his move-off date, making him ineligible for benefits. (Doc. 12 at 53).

8   Plaintiff appealed, and a hearing was held before an Independent Hearing Officer

9   ("IHO") on May 1, 2015. (Doc. 17 at 4, 6). On June 12, 2015, the IHO denied Plaintiff's

10  appeal and upheld ONHIR's denial of benefits based on a finding that Plaintiff was never

11  a legal resident of the HPL, despite finding that he became a head of household in 1977.

12  (Doc. 17 at 6; Doc. 12 at 173). On July 1, 2015, ONHIR issued Final Agency Action in

13  Plaintiff's case. (Doc. 17 at 6). On June 30, 2021, Plaintiff initiated this action seeking

14  judicial review of ONHIR's denial of relocation benefits. (Doc. 1).

15  **II.   LEGAL STANDARDS**

16  **A.  Summary Judgment**

17  Generally, summary judgment should be granted when "there is no genuine

18  dispute as to any material fact and the movant is entitled to judgment as a matter of law."

19  Fed. R. Civ. P. 56(a). When conducting judicial review of an administrative agency's

20  action, "there are no disputed facts that the district court must resolve." *Occidental Eng'g*

21  *Co. v. Immigr. & Naturalization Serv.*, 753 F.2d 766, 769 (9th Cir. 1985). Rather, "the

22  function of the district court is to determine whether or not as a matter of law the

23  evidence in the administrative record permitted the agency to make the decision it did."

24  *Id.* Summary judgment is therefore "an appropriate mechanism for deciding the legal

25  question of whether [an] agency could reasonably have found the facts as it did." *Id.* at

26  770.

27  **B.  APA Standards of Review**

28  The Court's review of the IHO's decision under the Settlement Act is governed by

the Administrative Procedure Act ("APA"). *See Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 914 (9th Cir. 1995). Under the APA, the Court must uphold agency action unless it was "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Bedoni*, 878 F.2d at 1122.

An ONHIR decision satisfies the "arbitrary and capricious" standard if "the agency examine[s] the relevant data and articulate[s] a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *Hopi Tribe*, 46 F.3d at 914 (internal quotation marks omitted). This scope of review is narrow, and the Court may not "substitute its judgment for that of the agency." *Id.* (internal quotation marks omitted). Still, a decision is arbitrary and capricious "if the agency . . . entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Likewise, if an agency "fails to follow its own precedent or fails to give a sufficient explanation for failing to do so," its decision is arbitrary and capricious. *Andrzejewski v. Fed. Aviation Admin.*, 563 F.3d 796, 799 (9th Cir. 2009).

An agency's decision satisfies the "substantial evidence" standard if it is supported by "such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995). The standard requires "more than a mere scintilla but less than a preponderance" of evidence. *Id.* The IHO may "draw inferences logically flowing from the evidence." *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984). "Where evidence is susceptible of more than one rational interpretation," the IHO's decision must be upheld. *Id.*

### C. The Settlement Act and Associated Regulations

A Navajo applicant is eligible for benefits under the Settlement Act if he was a legal resident of the HPL as of December 22, 1974 and was a head of household at the time he moved off of the HPL. 25 C.F.R. §§ 700.147(a), 700.69(c); *Begay v. Off. of*

*Navajo & Hopi Indian Relocation*, 305 F. Supp. 3d 1040, 1044 (D. Ariz. 2018). The applicant bears the burden of proving both the residency and head-of-household elements. 25 C.F.R. § 700.147(b). Only the residency element is at issue in this case, as the parties agree that Plaintiff became a head of household in 1977. (Doc. 16 at 5; Doc 18 at 4).

Under the applicable regulations, determining an applicant's residence "requires an examination of a person's intent to reside combined with manifestations of that intent." 49 Fed. Reg. 22,278; *see also Charles v. Off. of Navajo & Hopi Indian Relocation*, 774 Fed. Appx. 389, 390 (9th Cir. 2019). Such manifestations of intent may include ownership of livestock, ownership of improvements, grazing permits, livestock sales receipts, homesite leases, public health records, medical records, school records, military records, employment records, mailing address records, banking records, drivers license records, voting records, home ownership or rental off the Joint Use Area, census data, Social Security records, marital records, court records, birth records, the Joint Use Area roster, and any other relevant data. 49 Fed. Reg. 22, 278. "An individual who was, on December 22, 1974, away from the land partitioned to the Tribe of which he/she is not a member may still be able to prove legal residency." 49 Fed. Reg. 22,277.[1]

## III.   DISCUSSION

Plaintiff argues that the IHO's decision was arbitrary, capricious, and unsupported by substantial evidence because (1) the IHO erroneously found that Plaintiff was living with his mother on December 22, 1974 (Doc. 16 at 13–14, 16–17); (2) ONHIR failed to give Plaintiff proper notice of the issues to be addressed at the hearing (Doc. 16 at 14–15); and (3) the IHO lacked substantial evidence to discredit Plaintiff's testimony and

---

[1] Plaintiff takes issue with ONHIR's purported argument that ownership of a dwelling on the HPL is required for a Navajo applicant to be eligible for benefits. (Doc. 20 at 5–7). But ONHIR makes no such argument, instead recognizing that "ONHIR generally has not required an applicant to demonstrate ownership of a dwelling, but, rather, has focused on the applicant demonstrating that he or she has maintained the HPL homesite as his or her legal residence and was required to move off the HPL." (Doc. 18 at 11). That is a correct summarization of the residence requirement under the regulations.

residency claim (Doc. 16 at 17).[2] The Court need only address the first issue. *See Bitah v. Off. of Navajo & Hopi Indian Relocation*, No. CV-20-08323-PCT-JZB, 2022 WL 1751836, at *6, 10 (D. Ariz. Mar. 30, 2022).

Four times, the IHO's decision references Plaintiff living with his mother in Holbrook, Arizona, which is not located on the HPL. First, the IHO stated as a finding of fact, "Applicant attended high school in Holbrook where he stayed with his mother and commuted to school daily. Applicant's grandmother, Bessie Aronlith, worked at the boarding school in Holbrook and lived with applicant and his mother in Holbrook." (Doc. 12 at 171). Second, the IHO stated in a finding of fact, "During the summer of 1976, applicant stayed with his mother in Holbrook," (Doc. 12 at 172), which he reiterated in the explanation of his decision (Doc. 12 at 174). Lastly, in his conclusions of law, the IHO found, "On December 22, 1974, applicant was a legal resident of Holbrook, Arizona as he was living with his mother and attending high school." (Doc. 12 at 173).

ONHIR concedes that the IHO's references to Plaintiff's mother were "technically incorrect." (Doc. 18 at 15). Indeed, the record is clear that Plaintiff was raised by his grandparents and did not live with his mother. (Doc. 12 at 36, 99–100, 126, 136). ONHIR even acknowledged as much in its initial denial of Plaintiff's application. (Doc. 12 at 53 ("According to ONHIR records, however, you lived with your grandparents . . . since you were a child . . . ."). Still, ONHIR argues that "[a]ny mention of Plaintiff's 'mother,'" by the IHO "was a one-time typographical or ministerial error." (Doc. 18 at 15). Not so. First, it was a four-time error. Second, the first erroneous mention of Plaintiff's mother belies any argument that the error was merely typographical or ministerial, as the IHO refers to Plaintiff's grandmother living with Plaintiff and his mother in Holbrook. In that context, it is clear that the IHO did not mistakenly use "mother" when he meant "grandmother." Otherwise, the sentence would convey that Plaintiff's grandmother lived with herself. The Court will not read in a typographical error that would render the

---

[2] The Court refers to the headings in Plaintiff's Motion to identify discrete issues raised as his arguments are otherwise disorganized and scattered.

sentence self-evident and absurd. Rather, the IHO's decision was predicated on an erroneous factual finding that Plaintiff lived with his mother in Holbrook. Thus, the IHO "offered an explanation for [his] decision that runs counter to the evidence before the agency," making it arbitrary and capricious. *Motor Vehicle Mfrs. Ass'n of the U.S., Inc.*, 463 U.S. at 43; *see Bitah*, 2022 WL 1751836, at *9 (finding an IHO's decision deficient because it was counter to uncontroverted evidence in the record).

To the extent ONHIR argues that the IHO's error was harmless, the Court disagrees. When an agency adjudicator misstates facts about an applicant, the error may be deemed harmless where the reviewing court can "conclude from the record that the ALJ would have reached the same result absent the error." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). Such is not the case here. Perhaps as a result of his erroneous conclusion that Plaintiff lived with his mother rather than his grandmother, the IHO's decision makes no mention of evidence that Plaintiff's grandparents maintained their own home near Bigham Dam on the HPL, which is where Plaintiff claims to have resided. (Doc. 12 at 6, 129, 142, 145, 150–51). Instead, the IHO referred only to Plaintiff's great-grandmother's Bigham Dam residence, finding that Plaintiff did not have sufficient contacts there to maintain legal residence. (Doc. 12 at 175). Not only does the omission of Plaintiffs' grandparents home suggest that the IHO's error as to Plaintiff's mother was harmful, but it also amounts to its own independent grounds for reversal as the IHO "entirely failed to consider an important aspect of the problem": the site where Plaintiff claims to have maintained his legal residence.[3] *Motor Vehicle Mfrs. Ass'n of the U.S., Inc.*, 463 U.S. at 43; *see Whitehair v. Off. of Navajo & Hopi Indian Relocation*, No. CV17-08278-PCT-DGC, 2018 WL 6418665, at *5 (D. Ariz. Dec. 6, 2018).

"If the record before the agency does not support the agency action, . . . the proper course, except in rare circumstances, is to remand to the agency for additional

---

[3] Plaintiff raised this issue in his third, "substantial evidence" argument. (Doc. 16 at 16–17).

investigation or explanation." *Begay v. Off. of Navajo & Hopi Indian Relocation*, No. CV-16-08221-PCT-DGC, 2017 WL 4297348, at *4 (D. Ariz. Sept. 28, 2017). The rare circumstances where remand is not appropriate exist when "the reviewing court finds that the record clearly demonstrates an applicant's eligibility for relocation benefits." *Id.* Here, while the record is clear that Plaintiff did not live with his mother, it is not clear as to Plaintiff's legal residence. The Court will remand for a decision giving due consideration to the evidence. Accordingly,

  **IT IS ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 16) is **granted**. The matter is **remanded** for further proceedings consistent with this Order.

  **IT IS FURTHER ORDERED** that Defendant ONHIR's Cross-Motion for Summary Judgment (Doc. 18) is **denied**.

  **IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff and **terminate this action**.

  Dated this 11th day of August, 2022.

Honorable Steven P. Logan
United States District Judge